IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

T<span>ERRY</span> L<span>EMASTER</span>,

    Plaintiff,

vs.                                                  Case No. 11-CV-2128-JTM

C<span>OLLINS</span> I<span>NDUSTRIES</span>, I<span>NC</span>., et. al.,

    Defendants.

MEMORANDUM AND ORDER

Collins Industries, Inc. ("CII"), Collins I Holding Corp. ("CIH"), Allied Specialty Vehicles, Inc. ("ASV"), and American Industrial Partners Capital Fund IV, L.P. ("AIP") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. No. 13).[1] Plaintiff Terry Lemaster ("Lemaster") filed a Motion to Conduct Early Discovery and a Motion to Stay Ruling on Defendants' Motion to Dismiss (Dkt. Nos. 26 & 27). For the following reasons, the court grants the defendants' motion and denies the plaintiff's motions.

**I. Factual Background**

Lemaster filed this product liability and negligence action against the moving defendants, as well as Collins Bus Corporation. Lemaster, a resident of Virginia, claims to have been injured when he slipped and fell off a school bus while it was on the premises of Collins Bus Corporation

---

[1] The Motion was entitled "Special Appearance to Contest Jurisdiction and Motion to Dismiss and Suggestions in Support." The second paragraph of the motion also argues the court lacks subject matter jurisdiction, and that the petition does not state a claim upon which relief can be granted. Because the defendants are making a "special appearance," and only cursorily allege subject matter and claim problems on their way to substantive jurisdiction arguments, the motion shall be treated as a 12(b)(2) motion.

in Hutchinson, Kansas. Lemaster alleges he had been hired by the defendants to transport the bus from Kansas to Pennsylvania and was in the process of loading the bus onto a tractor-trailer.

Lemaster argues that CII, CIH, ASV, and AIP, along with Collins Bus Corporation, were in the business of designing, manufacturing, assembling, marketing, selling, distributing, renting, bailing, leasing, and/or supplying the bus in question in the course of business. Lemaster alleges the bus was in a dangerous and defective condition because it had a slippery substance on the step or footwell of the bus, and all defendants, despite notice of the dangerous condition, failed to warn of the defect. These product liability and negligence claims consist of Counts one through six of the Complaint. In the alternative, Lemaster alleges CII, CIH, ASV, and AIP are alter egos of Collins Bus Corporation. Counts seven through nine are the alter-ego claims. Collins Bus Corporation denies liability, and the moving defendants do not contest personal jurisdiction over Collins Bus.

**II. 12(b)(2): Counts I Through VI**

*A. Legal Standard*

"The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Edison Trust Number One v. Patillo*, No. 10-1159, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010) (quotations omitted). The extent of the burden depends on the stage at which the court considers the jurisdictional issue. *Id.* The trial court can proceed in several ways including: (1) reference to only the complaint and affidavits, (2) a pre-trial evidentiary hearing, or (3) waiting until trial itself. *Id.*

When personal jurisdiction "is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* "The plaintiff may carry this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'" *Id.* (quoting *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)). If the plaintiff meets the burden, the defendant must "present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Thermal Components Co. v. Griffith*, 98 F. Supp.2d 1224, 1227 (D. Kan. 2000) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'" *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

*B. Analysis*

The Complaint alleges CII, CIH, ASV, and AIP each have contacts with the state of Missouri. It neglects to allege any such contacts with Kansas.[2] Thus, to the extent the plaintiff's Complaint alleges non-alter-ego liability for CII, CIH, ASV, and AIP, it fails to make any showing of jurisdiction.

The plaintiff filed suit in early March 2011, and received the defendants' Motion to Dismiss in July, which raised this point. After three motions for an extension of time, the plaintiff responded

---

[2]The plaintiff has filed a similar suit in Missouri state court.

3

to the defendants' motion. Plaintiff stated an intention to seek leave of the court "next week" to amend his petition but did not do so.[3] The plaintiff now seeks additional discovery before amending the petition. Dkt. No. 26, at 2.

Plaintiff also noted in his Response that CII has an office within Kansas, transacts business here, and was acting as the insurer of Collins Bus Corporation. And he stated that ASV manufactured buses like the one in question and marketed to consumers in Kansas. These statements do not address the court's personal jurisdiction over CIH or AIP. Even if true,"[a]llegations in a lawyer's brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts." *Barret v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001).  The proper place for them would be in an amended complaint, or in an affidavit.

Various exhibits are attached to the plaintiff's Response to the Motion to Dismiss. The first is CH's 2009 annual registration repor filed with the state of Kansas. The other exhibits tend to establish Collins Bus Corporation as a subsidiary of CII, that CII manufactures the type of bus in question, and that CII, CIH, ASV, and AIP are structurally related organizations.[4] This court holds these exhibits qualify as "other written materials" that may demonstrate facts that if true would support jurisdiction over the defendants. *See Edison Trust Number One*, 2010 WL 5093831 at *1.

However, as things stand, using the exhibits to stave off the defendants' motion to dismiss Counts one through six would be putting the cart before the horse. "In ascertaining the facts

---

[3]The plaintiff's Response to the motion to dismiss, stated, "[P]laintiff . . . will be seeking leave of Court to file his first amended petition next week to plead additional jurisdictional facts addressing some of the issues raised in defendants' motion to dismiss." Dkt. No. 21, at 2.  The target date would have been September 17, 2011..

[4]The Complaint also alleges the organizations are structurally related. The allegations and exhibits regarding the structural relationships between the companies are pertinent to personal jurisdiction under the alter ego theory, discussed below, but not to direct general or specific personal jurisdiction.

4

necessary to establish jurisdiction, the district court must accept as true the allegations set forth *in the complaint* to the extent they are uncontroverted . . . [H]owever, *only the well pled facts of plaintiff's complaint* as distinguished from mere conclusory allegations, must be accepted as true." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987) (emphasis added); *Toytrackerz L.L.C. v. Am. Plastic Equip., Inc.* 615 F. Supp.2d 1242, 1248 (D. Kan. 2009) (citing *Ten Mile Indus. Park*, 810 F.2d at 1524). In other words, proper jurisdictional allegations must be made *in the complaint* before exhibits can be considered. Thus Counts one through six as against CII, CIH, ASV, and AIP must be dismissed for lack of personal jurisdiction.[5]

### III. 12(b)(2) Alter Ego Personal Jurisdiction: Counts VII Through IX

*A. Legal Standard*

"Generally, a holding or parent company has a separate corporate existence and is treated separately from the subsidiary." *Ticor Title Ins. of Fla. v. Nations Holding Co.*, No. 07-2456, 07-2459, 2008 WL 4427655 *5 (D. Kan. Sept. 25, 2008). "The jurisdiction of a district court over a nonresident defendant in a suit based on diversity of citizenship is determined by the law of the forum state." *Luc v. Krause Werk GMBH*, 289 F. Supp.2d 1282 (D. Kan. 2003). Kansas courts have recognized that one corporation may be the alter ego of another. *Dean Operations, Inc. v. One Seventy Assocs.*, 257 Kan. 676, 680, 896 P.2d 1012, 1016 (1995). Under the "alter ego" doctrine, jurisdiction over a nonresident parent company may arise if it is an alter ego of the resident subsidiary. *Doughty v. CSX Transp., Inc.*, 258 Kan. 493, 499, 905 P.2d 106, 111 (1995). In such a

---

[5]The court is cognizant of the transition between law firms by plaintiff's counsel, and realizes such transitions do not always run as smoothly as possible. *See* Dkt. No. 26 at 2. But while factual disputes at the preliminary stage are resolved in the plaintiff's favor, *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir 2009), the plaintiff must first plead personal jurisdiction. *See Ten Mile Indus. Park*, 810 F.2d at 1524.

case, the acts or presence of the subsidiary in the forum provide a basis for jurisdiction over the parent even if it had no contact with the forum state. *Cotracom Commodity Trading AG v. Seaboard Corp.*, 94 F. Supp.2d 1189, 1195 (D. Kan. 2000). For a defendant to be subject to personal jurisdiction under the alter ego doctrine, the plaintiff must make a prima facie showing "that application of Kansas law would result in 'piercing the corporate veil or imposing liability through agency principles.'" *Luc*, 289 F. Supp.2d at 1288 (citing *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1348 (D.N.M. 1994)). "Power to pierce the corporate veil is to be exercised reluctantly and cautiously." *Amoco Chems. Corp. v. Bach*, 222 Kan. 589, 593, 567 P.2d 1337, 1341 (1977).

The determination of an organization's legal status under the alter ego doctrine is a question of fact. *Commerce Bank, N.A. v. Liebau-Woodall & Assoc., L.P.*, 28 Kan. App.2d 674, 679, 20 P.3d 88, 93 (2001). The ultimate test for imposing alter ego status is whether, from all the facts and circumstances, it is apparent that the relationship between the parent and subsidiary is so intimate, the parent's control over the subsidiary is so dominating, and the business and assets of the two are so mingled that recognition of the subsidiary as a distinct entity would result in an injustice to third parties. *Doughty*, 258 Kan. at 500, 905 P.2d at 111.

Factors determinative of whether a subsidiary is an alter ego of a parent corporation include whether: (1) the parent owns all or a majority of the capital stock of the subsidiary; (2) the organizations have common directors or officers; (3) the parent finances the subsidiary; (4) the parent subscribed to all of the capital stock of the subsidiary or otherwise caused its incorporation; (5) the subsidiary has grossly inadequate capital; (6) the parent pays the salaries or expenses or losses of the subsidiary; (7) the subsidiary has substantially no business except with the parent, or

no assets except those conveyed to it by the parent; (8) in the papers of the parent, and in the statements of its officers, the subsidiary is referred to as such or as a department or division; (9) the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent; and (10) the formal legal requirements of the subsidiary as a separate and independent organization are not observed. *Id*. at 499; *Dean Operations*, 257 Kan. at 896, P.2d at 1017; *see also Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373 (10th Cir. 1980); *Fish v. East*, 114 F.2d 177, 191 (10th Cir. 1940).

Meeting just one of the alter ego factors is not enough. *Ticor Title Ins. of Fla.*, 2008 WL 4427655 at *6. No single factor or combination of factors is necessarily conclusive in determining whether to apply the alter ego doctrine. *Doughty*, 258 Kan. at 504, 905 P.2d at 114 . Here, in addition to presenting evidence in support of the other factors for determining corporate alter ego status, a plaintiff must show that he would suffer an injustice if the court gives effect to the legal fiction of a separate corporations.. *Dean Operations*, 257 Kan. at 676, Syl. ¶ 6, 896 P.2d at 1012; *Doughty*, 258 Kan. at 500, 905 P.2d at 111; *Schmid v. Roehm GmbH*, 544 F. Supp. 272, 275 (D. Kan. 1982); *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974).

*B. Analysis*

The plaintiff pled sufficient jurisdictional facts as to Collins Bus Corporation.[6]  Counts seven through nine allege CII, CIH, ASV, and AIP are liable as alter egos of Collins Bus Corporation, which this court now addresses. One of the factors is whether the parent corporation owns all or a majority of the capital stock in the subsidiary. The defendants presented an affidavit

---

[6]Collins Bus Corporation answered the Complaint, admitting diversity and that it is a Kansas corporation.

by Hans Heinsen in support of the motion to dismiss. Dkt. No. 23. Heinsen states ASV holds 100% of the stock in CIH, which holds the same in CII, which holds 100% of Collins Bus Corporation. Overall, this factor favors plaintiff. As to whether the corporations have common directors or officers, the Heinsen affidavit notes he is an officer of ASV, CIH, and CII. The plaintiff also presented exhibits showing CII and Collins Bus Corporation have the same corporate officers. So this factor also tilts toward the plaintiff.

A third factor is whether the subsidiary is referred to as a department or division of the parent corporation. The plaintiff exhibits an ASV press release stating ASV was formed through a combination of companies including CII, and mentions ASV as a portfolio company of AIP. Another press release refers to Collins Bus Corporation as part of a division of CII. Yet another exhibit shows a working arrangement between CII and AIP. These exhibits do not mention all of the defendants, but at least partially favor the plaintiff. The fourth factor is whether the parent corporation pays the salaries or expenses or losses of the subsidiary. The plaintiff produced what he claims to be a 2009 financial statement from CII. The document states that CII incurred expenses because of plant closures and employee transfers of its subsidiaries, including a closure in Hutchinson, Kansas. Because other company documents refer to Collins Bus Corporation as part of CII, this document may indicate a loss being taken by CII on behalf of Collins Bus Corporation. If so, this factor runs in favor of the plaintiff as to CII's alter ego status.

The plaintiff has not argued the other six factors. *See Doughty,* 905 P.2d at 111. At the preliminary stage, factual disputes are resolved in favor of the plaintiff. *Rusakiewicz*, 556 F.3d at 1100. However, the plaintiff has not made any allegation that allowing the legal fiction of a separate corporate structure would result in injustice toward the plaintiff. *See Dean Operations*, 257 Kan. at

676, Syl. ¶ 6, 896 P.2d at 1012; *Doughty*, 258 Kan. at 500, 905 P.2d at 111. Because this is an additional required showing – separate from the other factors – the plaintiff has not made a prima facie showing of personal jurisdiction. *See Dean Operations*, 257 Kan. at 676, Syl. ¶ 6, 896 P.2d at 1012; *Schmid*, 544 F. Supp. at 275 (fraud or injustice an "essential element" under alter ego theory). The defendants raised this issue in their motion and various briefs, but the plaintiff did not respond to this particular issue, and the plaintiff never alleged injustice. Therefore, Counts seven through nine must be dismissed.

**III. Early Discovery**

The plaintiff has made a motion to conduct early discovery. "'When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.'" *Sivoza v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). The district court, however, has broad discretion in determining whether discovery should be permitted. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004). If the plaintiff suffers prejudice as a result of a denial of discovery, the court abuses its discretion. *Sivoza*, 282 F.3d at 1326. Prejudice exists "where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

Information that would further support the plaintiff's alter ego claims might well only be obtainable through discovery because the information is uniquely within the possession of the defendants. Dkt. Nos. 21 & 26. However, the plaintiff failed to make a prima facie showing of

personal jurisdiction by not pleading injustice. Thus, there can be no pertinent factual issues under dispute about personal jurisdiction, and early discovery on the matter would be inappropriate. *See Bell Helicopter Textron*, 385 F.3d at 1299.

IT IS ACCORDINGLY ORDERED this 29th day of November 2011, that defendants Collins Industries, Inc.; Collins I Holding Corp.; Allied Specialty Vehicles, Inc.; and American Industrial Partners Capital Fund IV, L.P.'s Motion to Dismiss (Dkt. No. 13) is granted.

IT IS FURTHER ORDERED that plaintiff's Motion to Conduct Early Discovery and Stay Ruling on Defendant's Motion to Dismiss is denied.

                                                      s/ J. Thomas Marten
                                                      J. THOMAS MARTEN, JUDGE