#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY LEMASTER. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-2128 JTM/KGG |
| v. ) | |
| ) | |
| COLLINS BUS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

#### ORDER ON MOTION TO STAY ALL PROCEEDINGS AND
#### MOTION TO AMEND SCHEDULING ORDER

Plaintiff has filed a Motion to Stay Case (Doc. 76), a Motion to Amend Scheduling Order (Doc. 84), and a Supplemental Motion to Amend Scheduling Order (Doc. 112). Defendant opposes the motions. The motions arise primarily from a development that occurred during Plaintiff's deposition. During the deposition, it is was discovered that Plaintiff had been a debtor in a bankruptcy proceeding. It was also discovered, at least by Defendant and Plaintiff's counsel, that the claim in this action was not listed as an asset.

On June 26, 2012, the United States Bankruptcy Court for the Eastern District of Virginia reopened the bankruptcy case. Plaintiff's counsel now awaits news of whether the newly appointed Trustee will pursue the present action, and

whether he will do so with or without Plaintiff's present counsel. Plaintiff also contends that an extension of time, particularly the expert deadlines, is needed because of a delay in obtaining certain physical evidence. Defendant opposes the motions.

The reopening of the bankruptcy case, and the need for the new Trustee to decide whether and how to proceed with this claim, creates administrative issues justifying a short pause and resetting of some of the case deadlines. However, the Court sees no reason to order the case stayed. Plaintiff should work with the Trustee to ensure that the transition, if any, occurs as promptly as possible. The motion for stay is DENIED. However, the motion to amend the scheduling order and the supplemental motion to amend the scheduling order are GRANTED as to scheduling deadlines which had not passed at the time Plaintiff filed its motion to amended the scheduling order on May 31, 2012. The Court will set a telephone conference with the parties to devise a Revised Scheduling Order re-setting those deadlines, which are suspended pending that order.

This Order does not effect deadlines which had passed by May 31, 2012, and does not effect deadlines relating to the pending Motion for Summary Judgment (Doc. 72). This order does not stay discovery, and does not stay any pending discovery response times. Defendant's Motion for Leave to File Sur-Reply (Doc. 101) is denied as moot.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2012.

                                           S/ KENNETH G. GALE  
                                           Kenneth G. Gale  
                                           United States Magistrate Judge