### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY LEMASTER. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CV-2128 JTM/KGG |
| v. ) | |
| ) | |
| COLLINS BUS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER ON MULTIPLE MOTIONS

Now before the Court is Defendant's Motion to Compel Plaintiff's Discovery Responses. (Doc. 79.) Having reviewed the submissions of the parties, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff contends he was injured when he fell from a bus, manufactured by Defendant, that he had been hired to transport from Kansas to Pennsylvania. (Doc. 1, at 6-7.) Plaintiff brings various negligence claims against Defendant, including strict liability failure to warn, negligent design, manufacture and distribution of a defective product, and supplying a dangerous chattel. (*See generally*, *Id.*) Plaintiff alleges that he sustained serious injuries as a direct and proximate result of Defendant's negligence. (*Id.*) Defendant generally denies Plaintiff's allegations of

negligence. (Doc. 12.) The case now comes before the Court on Defendant's motion to compel Plaintiff to provide responses to certain discovery requests. (Doc. 79.)

## DISCUSSION

**A.     Legal Standard**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information

sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. ***Gheesling v. Chater***, 162 F.R.D. 649 (D.Kan.1995).

Defendant brings the present Motion to Compel (Doc. 69), challenging objections Plaintiff raised in response to Defendant's Interrogatories Nos. 8, 10, and 17, and Request for Production No. 6.[1] The discovery requests will be discussed in turn.

---

[1] The Court has been advised by counsel that the other discovery issues contained in this motion have been resolved by the parties.

B.    **Interrogatories Nos. 8, 10, and 17**.

Interrogatory No. 8 sought "the facts upon which plaintiff's contention is based that the accident was caused by any conduct on the part of the defendant." (Doc. 80, at 5.)  Interrogatory No. 17 sought specific information regarding "each condition or defect" Plaintiff contends caused his injuries.  (*Id.*)  Plaintiff objected that both Interrogatories call for information "subject to expert opinion testimony" and "protected by the attorney work product doctrine."  (*Id.*)  Thereafter, Plaintiff merely offered to supplement each discovery response and provide expert opinion testimony in accordance with the Scheduling Order – without providing a substantive, factual response to the Interrogatory.  (*Id.*)

Interrogatory No. 10 asked for details regarding each of Plaintiff's claims injuries he claims "to have been caused, aggravated or otherwise contributed to by the fall" at issue.  (*Id.*, at 8.)  Plaintiff again raises the expert witness testimony objection, then provides three sentences describing his injuries before stating the list is "not necessarily exhaustive," but all he could "recall at the time of answering his interrogatories."  (*Id.*)

According to Federal Rule of Civil Procedure 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact , but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial

conference or some other time."  The Court finds no valid reason to delay answering these discovery requests because of the potential for expert witness opinion.  Further, "[b]ecause of the simplicity of notice pleading, Plaintiff should provide as much information as possible regarding his claims without delay and as early as required."  **Johnson v. Kraft Foods North America, Inc**., 236 F.R.D. 535, 544 (D. Kan. 2006).  Plaintiff is capable of providing a factual response based on the information currently known to him.  The expert witness objection to Interrogatories Nos. 8, 10, and 17 is **overruled**.

As stated above, Plaintiff also objected that the Interrogatories Nos. 8 and 17 implicate information protected by the work product doctrine.  It is well-established in this District that "[b]lanket claims of attorney-client privilege or work-product protection do not satisfy the objecting party's burden of proof."  **Linnebur v. United Telephone Ass'n**, No. 10-1379-RDR, 2012 WL 1183073,*4 (D. Kan. April 9, 2012) citing **White v. Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc**., 586 F.Supp.2d 1250, 1267–68 (D.Kan.2008).

Further, Plaintiff's objection should be overruled for failure to produce a privilege log.  **Hudson v. AIH Mngt. Servs.**, No. 10-2287-JAR-KGG, 2011 WL 1402224, *3 (D. Kan. April 13, 2011) citing **Moses v. Halstead**, 236 F.R.D. 667, 676 (D.Kan.2006).  In response to Defendant's motion, Plaintiff simply argues that Defendant's objection is "ironic" because Defendant has also failed to provide a

privilege log in regard to Plaintiff's discovery requests. (Doc. 94, at 2.) The Court is not inclined to find that "two wrongs make a right" is a valid argument in this, or any other, instance. Plaintiff has failed to support his work product objection and has also failed to provide a privilege log. As such, this objection is **overruled** in regard to Interrogatories Nos. 8 and 17.

### C.   Request for Production No. 6.

This document request seeks documents supporting Plaintiff's claim for financial loss, including W-2 forms and tax returns. (Doc. 80, at 9.) Plaintiff did not object to the request, but responded "[p]lease see the plaintiff's 1099 tax forms," without providing the tax returns. (*Id.*) In response to Defendant's motion, Plaintiff states that he was not a W-2 employee so he has no W-2 forms. He also indicates he will provide his tax returns "to the extent he can locate them." (Doc. 94, at 4.) Defendant explains that it requires the tax returns to determine how Plaintiff's business income (reflected on his 1099 forms) is reduced by business expenses, thus resulting in loss of income. Plaintiff has not proposed an alternate reliable source for this relevant information.

This portion of Defendant's motion is **GRANTED** in regard to Defendant's request for Plaintiff's tax returns. To the extent all relevant tax returns have not yet been provided, Plaintiff is ordered to do so forthwith. Further, to the extent Plaintiff cannot "locate" certain tax returns, he is ordered to provide Defendant

with the necessary IRS release(s) in order to obtain the documents.

Defendant's motion (Doc. 79) is **GRANTED**. Plaintiff shall provide the requisite discovery responses on or before **November 5, 2012**.

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2012.

                                          S/ KENNETH G. GALE
                                          Kenneth G. Gale
                                          United States Magistrate Judge