IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY LEMASTER

        Plaintiff,

v.                                                                                         Case No. 11-2128-JTM

COLLINS BUS CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

The court has before it several filings by the parties to this litigation and a third party. First, Collins Bus Corporation ("Collins"), the defendant, filed its first Motion for Summary Judgment and Memorandum in Support (Dkt. Nos. 72 & 73) on May 4, 2012, asking this court to dismiss plaintiff Terry Lemaster's claim based on judicial estoppel. Lemaster filed his Response (Dkt. No. 114) and Collins filed its Reply (Dkt. No. 118). Second, on August 14, 2012, Tom C. Smith, Lemaster's bankruptcy trustee, filed his Motion to Intervene (Dkt. No. 126) as the real party in interest. Collins filed its Response (Dkt. No. 129), and Smith filed his Reply and Amended Reply (Dkt. Nos. 140 & 141). Third, regarding the Motion to Intervene, Collins filed a Motion for Leave to File Surreply (Dkt. No. 144). Fourth, on August 28, 2012, Collins filed its second Motion for Summary Judgment (Dkt. No. 130), asking the court to dismiss the case because Lemaster is not the real party in interest, as required by Rule 17(a). Lemaster filed his Response (Dkt. No. 146), and Collins did not file a reply.

The court sets forth its findings in procedural order of the motions addressed, rather than in their chronological order. The court denies Collins's Motion for Surreply because Collins fails to show any new issues that have not been addressed in the prior filings. Trustee Tom C. Smith is allowed to intervene, because he has a direct, substantial, and legally protectable interest in the case. The court grants Collins's Motion for Summary Judgment against plaintiff Lemaster on the basis of judicial estoppel. Finally, Collins's second Motion for Summary Judgment is denied as moot.

## I. Procedural Background

In this case, Lemaster seeks recovery for damages he incurred on March 5, 2009, when he fell from a bus, allegedly due to an unsafe condition for which Collins was responsible. On May 29, Lemaster contacted Collins regarding his personal injury claim. Lemaster mailed a settlement brochure to Collins's counsel on April 12, 2010, demanding $750,000 for his injuries and damages.

Lemaster filed a petition for Chapter 7 Bankruptcy in the Eastern District of Virginia on July 9, 2010, but failed to list his claim against Collins as an asset. He appeared at a § 341 Meeting of Creditors and did not properly identify his claim against Collins as a pending lawsuit. Lemaster did not correct his omission before receiving a discharge from the bankruptcy court on October 25, 2010.

On March 4, 2011, Lemaster filed his complaint against Collins. After learning of Lemaster's failure to disclose this claim in his bankruptcy, Collins filed its Motion for Summary Judgment on May 4, claiming that Lemaster should be judicially estopped from asserting the claim. Lemaster contacted Tom C. Smith, the former Trustee of his

bankruptcy estate, to notify him of Lemaster's failure to disclose this claim in the bankruptcy.

Smith notified the U.S. Bankruptcy Trustee in the Eastern District of Virginia to inform her that the personal injury case was not disclosed in the Lemaster bankruptcy. The U.S. Trustee filed a motion to reopen the bankruptcy on May 15, which the court granted on June 26. On June 28, the bankruptcy court granted the U.S. Trustee's motion to reappoint Smith as the Trustee in Lemaster's bankruptcy. Smith (hereinafter "Trustee") filed a Motion to Intervene on August 14, 2012, which Lemaster has not opposed. After Collins filed its Response to the Motion to Intervene, and Trustee filed his Reply, Collins filed a Motion for Leave to File Surreply, claiming Trustee's Reply had brought up new arguments that Collins needed to address. Collins also filed a second Motion for Summary Judgment against Lemaster, arguing that he should be dismissed from the case because he is not the real party in interest. Lemaster responded to the Motion, and Collins did not file a reply. The court takes up Collins's Motion for Leave to File Surreply to the Trustee's Motion to Intervene first.

**II. Motion for Surreply**

As this court has repeatedly stressed, surreplies are disfavored and are allowed only when there are "exceptional circumstances compelling the filing of such a pleading." *IMC Chemicals v. Niro*, 95 F. Supp. 2d 1198, 1214 (D. Kan. 2000). Collins's Motion for Leave to File Surreply falls short of this high standard. The arguments Trustee presented in his Reply and Amended Reply were already clearly framed in the original Motion and the defendant's Response. Collins asserts that Trustee's Reply

makes a new argument for intervention under Rule 24. This is not a new issue, and neither is Collins's argument against it under Rule 17. As Collins suggests in its proffered Surreply (properly attached to the Motion), Collins's Response has already "properly and thoroughly examined whether the Trustee could be brought into the case through a Federal Rule Motion to Substitute."

Collins's proffered Surreply also implies that Trustee is attempting to "breathe new life" into a "nonexistent lawsuit." However, the cases Collins cites for this argument are irrelevant to this case, because the lawsuits they refer to were "nonexistent" for standing issues not in play here. *See, e.g.*, *McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979). Regardless, this issue is of no consequence in the court's decision on the Motion to Intervene. Thus, Collins's Motion for Leave to File Surreply is denied.

### III. Trustee's Motion to Intervene

A debtor filing for bankruptcy without disclosing personal claims is not rare. Often, the trustee moves to intervene, join, or be substituted for the debtor in litigation involving ongoing claims. Courts have allowed a trustee to enter the case under various rules. *See Kirkes v. Lake Country Chevrolet Cadillac*, CIV-07-408-KEW, 2008 WL 4534213 at *1–2 (E.D. Okla. Oct. 3, 2008) (granting trustee intervention under Fed. R. Civ. P. 24(a)(2)); *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1154 (10th Cir. 2007) (noting that the lower court had substituted the trustee as the real-party-in-interest under Rule 17(a)); *Hutchinson v. Del. Sav. Bank FSB*, 410 F.Supp.2d 374, 382 (D.N.J.2006) (joining the trustee pursuant to Rule 25(c)).

4

Trustee argues that his intervention is proper under Rules 17 and 24 of the Federal Rules of Civil Procedure. Collins argues that Rule 24 is inapplicable here. Collins argues that Trustee's motion must be analyzed only under Rule 17 as a motion for substitution and not under Rule 24 as a motion to intervene. However, Collins fails to cite to any legal authority in support of this argument. Collins does cite several cases brought under Rule 17 alone, the courts analyzing the motions only under that Rule. *See, e.g.*, *Esposito v. U.S.*, 368 F.3d 1271, 1275–76 (10th Cir. 2004) (discussing the original plaintiff's burden of showing that substituting the Trustee is appropriate). Neither the authority Collins cites, nor the court's own research revealed a requirement that the court analyze Rule 17 before considering a motion under Rule 24.

As noted, Trustee moves for intervention under Rule 24. *See, e.g.*, *Kirkes*, CIV-07-408-KEW, 2008 WL 4534213 at *1–2. Specifically, Trustee seeks intervention of right pursuant to Rule 24(a). The court finds the facts Trustee presented support intervention of right.

A party seeking intervention under Rule 24(a)(2) must meet four requirements: (1) submit a timely application to intervene, (2) demonstrate an interest in the property or transaction that is the subject matter of the action, (3) show that the intervenor's ability to protect such interest might be impaired absent intervention, and (4) demonstrate that the existing parties will not adequately represent the interest in question. *In re Kaiser Steel Corp.*, 998 F.2d 783, 790 (10th Cir. 1993). Moreover, "intervention requires that this interest in the proceedings be direct, substantial, and legally protectable." *Id.*

**A. Timeliness**

The U.S. Court of Appeals for the Tenth Circuit has recognized the following four factors as being relevant when deciding timeliness under Rule 24(a): (1) the length of time the movant knew of its interests in the case; (2) prejudice to the existing parties; (3) prejudice to the movant; and (4) existence of unusual circumstances. *Farnsworth v. Cox*, No. 11-cv-1263-RDR, 2012 WL 2923197, at *2 (D. Kan. July 18, 2012).

Lemaster first notified Trustee of his failure to disclose this claim in bankruptcy after Collins filed its first Motion for Summary Judgment on May 4, 2012. This is approximately the date when Trustee learned of its interest in the case. Trustee notified the U.S. Bankruptcy Trustee, who filed the proper motions with the bankruptcy court in the Eastern District of Virginia. The court reopened the case and reassigned Trustee by June 28. Trustee filed his Motion to Intervene on August 14, 2012, just seven weeks after the bankruptcy court reopened the case. No part of this timeline suggests that Trustee's actions have been untimely or have prejudiced Lemaster, who does not object to Trustee's Motion. Collins does not argue that it has suffered prejudice at the hands of Trustee. No unusual circumstances exist that would make Trustee's Motion untimely. Thus, the court finds the Motion to Intervene was timely.

**B. Interest in the Subject Matter of the Action**

Any personal injury claim belonging to the debtor before filing for bankruptcy becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541 (2012). The bankruptcy Trustee is the representative of the bankruptcy estate per federal statute and has the capacity to sue and be sued when acting on behalf of the estate. *See* 11 U.S.C. § 323

(2012). Bankruptcy law grants Trustee an interest in Lemaster's personal injury claim. Collins states in its Response that Trustee is the sole owner of the claim. There is no dispute as to Trustee's interest in this claim.

**C. Impaired Ability to Protect Interest Absent Intervention**

Collins has stated in multiple filings, and this court agrees, that Trustee is the real party in interest in this case. Without intervention, the real party in interest will not be allowed to litigate its claim, and the claims will be dismissed because Lemaster cannot prosecute the claim. As Collins has pointed out, the statute of limitations on the personal injury claim has run. As a result, if Trustee is not allowed to intervene, it will not be allowed to bring the claim on its own. If intervention is denied, Trustee's ability to protect its interest would be eliminated.

**D. Inadequate Representation by Existing Party**

As mentioned above, Lemaster proves to be an inadequate plaintiff, because he is not the real party in interest. In addition, Trustee's interest is to protect creditors of the bankruptcy estate that have a stake in the outcome of this litigation. Trustee's interest is direct, substantial, and legally protectable. *See In re Kaiser Steel Corp.*, 998 F.2d at 790. This interest is divergent from Lemaster's own interest, and would not be adequately represented even if Lemaster were allowed to remain in the case.

As set forth above, this court finds that Trustee fulfills the requirements set forth by Rule 24(a)(2) and clarified by the Tenth Circuit in *In re Kaiser Steel Corp.* Accordingly, the Trustee is allowed to intervene.[1]

## IV. Summary Judgment Against Lemaster Based on Judicial Estoppel

Before Trustee filed his Motion to Intervene, Collins filed a Motion and Memorandum in Support asking for summary judgment against Lemaster, arguing that judicial estoppel prevents Lemaster from prosecuting this claim. The court grants summary judgment to Collins on this basis.

### A. Legal Standard for Summary Judgment

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." *Id.* Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Nat. Gas*

---

[1]After allowing Trustee to intervene under Rule 24(a)(2), the court need not address intervention under Rule 24(a)(1) and Rule 17.

8

*Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove [nonmovant's] claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987) (alterations added).

### B. Uncontroverted Facts

Lemaster, through counsel, advised Collins of the personal injury claim on May 29, 2009, by letter. He sent Collins a written demand for $750,000 in medical and personal injury damages, which Collins received on April 12, 2010. Lemaster filed a voluntary Chapter 7 Bankruptcy in the U.S. Bankruptcy Court of the Eastern District of Virginia, Case No. 10-73208-FJS, on July 9, 2010. Schedule B to the bankruptcy petition Lemaster filed on July 9 asks the debtor to list "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims." Lemaster did not list his claims against Collins as an asset, contingent or otherwise, in his bankruptcy schedules. He filed an amended expenditures form on October 8, 2010, showing that was aware of the process of filing amended schedules in the bankruptcy. Lemaster did not file an amended schedule to disclose his claim against Collins. At a § 341 Meeting of Creditors, Lemaster testified that the bankruptcy petition and schedules were accurate and complete. The bankruptcy court granted Lemaster a discharge on October 25. Lemaster sent Collins a notice of new counsel on October 29. On March 4, 2011, Lemaster filed his Complaint against Collins. Lemaster's bankruptcy was reopened for the purpose of identifying this lawsuit as a potential asset to creditors

only after Collins filed its Motion for Summary Judgment on May 4, 2012, over a year after Lemaster had filed his Complaint.

Lemaster has received the benefits of his bankruptcy proceeding, wherein he represented to the court that he had no additional assets. During the bankruptcy proceeding, Lemaster signed a reaffirmation agreement with Beneficial Mortgage Co. of American that reduced the amount of his monthly mortgage payments. Additionally, Lemaster supports his claim for damages in this case with medical bills that were discharged in Lemaster's bankruptcy.

## C. Legal Conclusions — Judicial Estoppel

The equitable doctrine of judicial estoppel is based on the principle that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory and then seek an inconsistent advantage by pursuing an incompatible theory. *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 691 (W.D. Pa. Sept. 20, 2011). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

Judicial estoppel is applied to prevent a debtor who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007). Courts "will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a

separate proceeding." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001). Applying judicial estoppel against debtors serves to protect the integrity of the bankruptcy process, which depends on full and honest disclosure by debtors of all their assets. *Id*.

The Tenth Circuit has identified three prerequisites for applying judicial estoppel: (1) the party against whom judicial estoppel is to be invoked seeks to rely on a position that is clearly inconsistent with its earlier position; (2) the party has succeeded in persuading a court to accept its earlier position, such that judicial acceptance of an inconsistent position would create the impression that either the first or the second court was misled; and (3) the party seeking to assert the inconsistent position would derive an unfair advantage or impose a detriment on the opposing party if not estopped. *Autos, Inc. v. Gowin*, 244 Fed. App'x. 885 (10th Cir 2007).

Lemaster's position in this case is "clearly inconsistent" with the position he took in his bankruptcy proceedings. *See Eastman*, 493 F.3d at 1159. Lemaster had knowledge of this personal claim well before he filed for bankruptcy in July of 2010. The claim is based on events that happened in March of 2009, and Lemaster has been pursuing it since he sent notified of Collins of the claim in May 2009 and sent a demand for damages in March 2010. Lemaster represented to the bankruptcy court that he did not have any outstanding personal claims by failing to disclose them on his bankruptcy schedules. On October 25, 2010, the bankruptcy court granted Lemaster a "no distribution" discharge. In convincing the court to accept his position and then changing it in subsequent litigation, Lemaster has created the impression that he misled

11

the bankruptcy court. *See id.* Finally, Lemaster received the benefit of the discharge without ever having disclosed his pending personal injury action against Collins, giving him an unfair advantage over his creditors. *See id.* Under the Tenth Circuit's test, judicial estoppel is appropriate under these circumstances. *See Gowin*, 244 Fed. App'x. 885.

The U.S. Supreme Court allowed that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *New Hampshire*, 532 U.S. at 753. However, as the Tenth Circuit laid out in *Eastman*, "our sister circuits, for what seem to us sound reasons, have not been overly receptive to debtors' attempts to recover on claims about which they 'inadvertently or mistakenly' forgot to inform the bankruptcy court." 493 F.3d at 1157. When a debtor fails to perform his legal duty of full disclosure to the bankruptcy court, the courts have only considered it "inadvertent or mistaken" when the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. *Id*. When the debtor has knowledge of the claim and a motive to conceal it, courts routinely infer deliberate manipulation. *Id*.

Lemaster cannot claim to have had no knowledge of this claim before his bankruptcy proceedings. He notified Collins of the claim and sent a demand letter for $750,000 before filing his bankruptcy petition. Lemaster had a motive not to disclose his personal injury action, because he could obtain a discharge free and clear of his creditors and then pursue the claim, which obviously increases the potential amount he might recover. "The ever present motive to conceal legal claims and reap the financial

rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy." *Eastman*, 493 F.3d at 1159. "The doctrine of judicial estoppel serves to offset such motive, inducing debtors to be completely truthful in their bankruptcy disclosures." *Id*. Lemaster's assertion that he simply did not know better is insufficient to withstand application of judicial estoppel. The court grants Collins Motion for Summary Judgment against Lemaster on the basis of judicial estoppel.[2]

**V. Collins's Second Motion for Summary Judgment**

Collins's Motion for Summary Judgment (Dkt. No. 130) is denied as moot, because Lemaster has been dismissed from the case.

IT IS THEREFORE ORDERED this 2nd day of November 2012, that Collins's Motion for Leave to File Surreply (Dkt. No. 144) is denied. Trustee's Motion to Intervene (Dkt. No. 126) is granted, and the claim will proceed as if it had been originally commenced by Trustee. Collins's Motion for Summary Judgment (Dkt. No. 72) is granted, and plaintiff Lemaster is dismissed.

IT IS FURTHER ORDERED that Collins's Motion for Summary Judgment (Dkt. No. 130) is denied as moot, because the Motion seeks summary judgment against Lemaster, who has been dismissed from the case.

---

[2]Collins's Motion for Summary Judgment does not ask for summary judgment against the intervening Trustee. In any case, the court notes that judicial estoppel is inappropriate against the bankruptcy estate unless the estate itself engages in contradictory litigation tactics. *See Cannon-Stoeks v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

13

IT IS FURTHER ORDERED that Trustee has twenty-one days from the date of this Order to respond to Collins's Motion for Summary Judgment (Dkt. No. 134); Collins shall file its reply fourteen days after Trustee's response.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
