# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOM C. SMITH, TRUSTEE OF ) <br> THE BANKRUPTCY ESTATE OF ) <br> DONNA AND TERRY ) <br> LEMASTER, ) <br> ) <br> Plaintiff-Intervenor, ) <br> ) <br> v. ) <br> ) <br> COLLINS BUS CORPORATION, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 11-CV-2128 JTM/KGG |

## ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel Discovery Responses (Doc. 104), Defendant's Motion to Determine Sufficiency of Reply to Requests for Admissions (Doc. 121), and Plaintiff/Intervenor's Motion to Clarify the Court's October 22, 2012 Order Compelling Former Plaintiff Lemaster to Provide Supplemental Discovery Responses (Doc. 156). Having reviewed the submissions of the parties, including the Court's requested supplementary briefing, the Court is prepared to rule on these motions.

## **BACKGROUND**

Plaintiff contends he was injured when he fell from a bus, manufactured by Defendant, that he had been hired to transport from Kansas to Pennsylvania. (Doc. 1, at 6-7.) Plaintiff brings various negligence claims against Defendant, including strict liability failure to warn, negligent design, manufacture and distribution of a defective product, and supplying a dangerous chattel. (*See generally*, *Id*.) Plaintiff alleges that he sustained serious injuries as a direct and proximate result of Defendant's negligence. (*Id*.) Defendant generally denies Plaintiff's allegations of negligence. (Doc. 12.)

On November 2, 2012, the District Court granted Defendant's Motion for Summary Judgment against Plaintiff Terry Lemaster, and granted the Motion to Intervene by the bankruptcy Trustee. (Doc. 155.) The District Court's ruling eliminated the original Plaintiff, Lemaster, from the case, replacing him with the Trustee. This resulted in a disagreement between the parties concerning the status of pending discovery motions (Doc. 104, 121) and of a discovery Order previously issued by this Court (Doc. 149). The motions at issue were filed by or against the original Plaintiff. The Order involved or addressed the obligations of the original Plaintiff.

Plaintiff Trustee took the position that the issues and prior Order are now

moot and that discovery and any motions should be re-issued to or by the new Plaintiff. Defendant countered that Plaintiff Trustee is bound by the responses and status of previous discovery and motions. The parties attempted to resolve this dispute by agreement without success, resulting in this Court's November 19, 2012, status conference. (Doc. 159, Minute Order.)

As a result of that status conference, the Court directed the parties to file simultaneous memoranda on or before December 7, 2012, addressing the issues of whether the pending discovery motions are moot and whether the discovery Order (Doc. 149) is enforceable against Plaintiff Trustee. The parties submitted their supplemental memoranda on the stated deadline. (Docs. 162, 163.) These matters are now ripe for determination by the Court.

## DISCUSSION

**I.    Applicability of Prior Discovery Requests and Order**.

As an initial matter, Plaintiff-Intervenor has filed the "Motion to Clarify the Court's October 22, 2012 Order Compelling Former Plaintiff Lemaster to Provide Supplemental Discovery Responses, and its Application to Plaintiff/Intervenor, or the Alternative, Intervenor's Motion for Extension of Time." (Doc. 156.) Defendant did not file a response to the motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). Given the substantive implications of this motion,

however, the Court will provide analysis rather than merely grant it as uncontested pursuant to D. Kan. Rule 7.4.

Fed.R.Civ.P. 1 provides that the Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." In addition, the Rules of Civil Procedure provide courts with inherent power to manage and control discovery. *See generally*, Fed.R.Civ.P. 26.

In this framework, the Court finds that the discovery requests involved in Defendant's Motion to Compel (Doc. 104), relating to contention and evidence requests issued to the original Plaintiff, should be considered to have been issued to Plaintiff Trustee. In addition, the Court finds that Plaintiff Trustee is bound by the Court's previous discovery Order (Doc. 149). While the issues therein are personal to the original Plaintiff (*see generally*, Doc. 149), the Court finds that, in the spirit of judicial economy, it is more efficient to bind the new Plaintiff to the prior Order than to require discovery on these issues to be repeated unnecessarily.

In other words, the Court is not finding that the discovery requests at issue in these motions and prior Order are, as a matter of law, applicable to Plaintiff. Rather, the Court is ordering that Plaintiff Trustee be bound by the previous discovery and rulings in this case as a result of the Court's inherent power to

manage discovery.  Further, this finding appears to be in accordance with the District Court's ruling granting Plaintiff Trustee's Motion to Intervene, which stated that "the claim will proceed as if it had been originally commenced by Trustee."  (Doc. 155, at 13.)  The Court sees no reason why this language should not apply to the discovery that was initiated in this case prior to Trustee's intervention.  To the extent the Court has provided this clarification, Plaintiff-Intervenor's motion (Doc. 156) is **GRANTED**.  Plaintiff-Intervenor shall provide the discovery responses (as directed by the Court's October 22, 2012, Order) on or before **February 28, 2013**.  The Court's analysis will now turn to the issues raised in the two pending discovery motions (Docs. 104, 121.)

## II.     Plaintiff's Motion to Compel Discovery Responses (Doc. 104).

As a procedural matter, Defendant argues that Plaintiff failed to file this motion to compel in a timely manner, thus waiving the right to contest Defendant's responses and objections to Plaintiff's discovery requests.  (Doc. 111, at 1.)  According to the District of Kansas local rules,

> [a]ny motion to compel discovery . . . **must be filed and served within 30 days** of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.  **Otherwise, the objection to the default, response, answer, or objection is waived**.

D. Kan. Rule 37.1(b) (emphasis added).

As Defendant points out, its responses to Plaintiff's Requests for Production were served on March 9, 2012.  (*See* Doc. 111, at 1.)  Pursuant to D. Kan. Rule 37.1(b), Plaintiff's time to file the relevant motion to compel ran on April 9, 2012 – some 70 days prior to the filing of the present motion.  Defendant's responses to Plaintiff's Interrogatories were served on May 10, 2012.  Thus, Plaintiff's time to file a motion to compel regarding Defendant's responses and objections ran on June 11, 2012 – more than a week before this motion was filed.  Thus, the motion was not timely filed in regard to the Interrogatories or Requests for Production.  Because Plaintiff failed to file a reply to Defendant's response, no attempt was made to provide the Court with a basis for finding "good cause" to extend the time to file the motion, pursuant to D. Kan. Rule 37.1(b).  Plaintiff's motion (Doc. 104) is, therefore, **DENIED** as untimely.

### III. Defendant's Motion to Determine Sufficiency of Reply to Request for Admissions (Doc. 121).[1]

Defendant moves the Court for an Order compelling Plaintiff to provide full

---

[1] The Court notes that Plaintiff has agreed to admit Defendant's Requests for Admission Nos. 10 and 20.  This shall be done on or before **February 28, 2013**, in conjunction with the other discovery ordered by the Court herein.

and complete responses to several of its Requests for Admissions.[2] (Doc. 121.) Requests for Admission are governed by Federal Rule of Civil Procedure 36. The rule allows a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(1)(1).

According to the advisory committee notes to Rule 36, Requests for Admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36 advisory committee's note (1970 Amendment). "The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." ***Audiotext Comm'ns Network, Inc. v. U.S. Telecom, Inc.***, No. 94-2395-GTV, 1995 WL 625744, at * 1

---

[2] The Court's ruling in Section I of this Order means that the Requests for Admission originally issued to Mr. Lemaster (and identifying him in the first person) should now be interpreted as directed to, and binding on, the Plaintiff Trustee (and identifying Mr. Lemaster in the third person).

(D.Kan. Oct. 5, 1995) (quoting **Hurt v. Coyne Cylinder Co**., 124 F.R.D. 614, 615 (W.D. Tenn.1989)).

Fed.R.Civ.P. 36(a)(5) mandates that a responding party must state their grounds for objecting to a request for admission.  Subsection (6) of the rule relates to motions regarding the sufficiency of responses and states that "[u]nless the court finds an objection justified, it must order that an answer be served."  The rule continues that "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  Within this framework, the Court will address the various requests at issue.

### A. Request No. 3.

The first Request for Admission at issue asks Plaintiff to admit or deny that he was "dispatched to pick up a load in South Hutchinson, Kansas" on the day in question.  (Doc. 121-1, at 2.)  Plaintiff objected that the request was "vague and ambiguous," then provided a clarified response without admitting or denying the request.  (*Id*., at 3.)

It is well-established in this District that a party objecting to discovery on the basis of vagueness or ambiguity bears the burden to support the objections. **Williams v. Bd. of County Comm'rs**, 192 F.R.D. 698, 705 (D.Kan.2000);

*Nkemakolam v. St. John's Military School*, No. 12-2132-JWL-KGG, 2012 WL 6610980, at *2 (D. Kan. Dec. 18, 2012).  Plaintiff's discovery response provides no real support for the objection.  Rather, it constitutes nothing more than a boilerplate objection, which are looked on with "disfavor" by courts in this District.  *Sellers v. Wesley Medical Center, LLC*, 11-1340-JAR-KGG, 2012 WL 5362977, at *2 (Oct. 31, 2012).  In his brief in opposition, Plaintiff contends that "it is not known what the defendant means by the word 'dispatched.'" (Doc. 128, at 3.)  The Court finds this objection to be without merit considering the common, ordinary meaning of this word in the context of the events at issue.  Based on the additional information provided by Plaintiff, the Court deems Request No. 3 **admitted** and **GRANTS** Defendant's motion in regard to the request.

    **B.**    **Request for Admission No. 7**.

This request asks Plaintiff to admit or deny that on the day in question, "the yellow bus was owned by McGough Leasing." (Doc. 121-1, at 3.)  Plaintiff objects that the request calls for a legal conclusion, then clarifies the statement contained in the request without admitting or denying the same.  (*Id*.)  The Court finds that this request does not seek a legal conclusion, but rather seeks the admission of the application of law to fact, which is not objectionable. Fed.R.Civ.P. 36(a)(1)(A); *Thompson v. Harness*, NO. 11-1220-JTM, 2012 WL

9

1893505, at *2 (D.Kan. May 23, 2012).  The Court **GRANTS** Defendant's motion in regard to Request No. 7.  Plaintiff is directed to serve an amended answer to this request on or before **February 28, 2013**.

### C. Request for Admission No. 9.

The next request at issue asks Plaintiff to admit or deny that his "right foot slipped on the driver's side step to the white bus."  (Doc. 121-1, at 4.)  Plaintiff "admits only that he was exiting the white bus [sic] his foot slipped off the driver's step causing him to fall to the ground and sustain severe injuries." (*Id*.)  While the rules allow Plaintiff to admit or deny a portion of a request,

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed.R.Civ.P. 36(a)(4).  Having reviewed what Plaintiff admits in his response, the Court deems Defendant's Request No. 9, as written, to be **admitted**.  Defendant's motion is **GRANTED** in regard to Request No. 9.

### D. Request No. 11.

Request No. 11 asks Plaintiff to admit or deny that on the day in question, "the substance that I claim to have slipped on the driver's side step of the white bus

was not visible." (Doc. 121-1, at 4.) Plaintiff initially admitted "only that the substance he slipped on was a clear substance." (*Id*.) In response to Defendant's motion, Plaintiff qualifies his response as admitting "that the substance I claim to have slipped on was a clear substance that I did not notice before the fall." The Court finds this clarification to be reasonable as "not visible" and "not noticed" are not necessarily the same concepts. Defendant's motion is **DENIED** in regard to Request No. 11.

### E.     Requests Nos. 12, 13, and 14.

Request No. 12 ask Plaintiff to admit or deny that, other than the substance referenced in Request No. 11 (discussed *supra*), that Plaintiff had "no evidence or reason to believe that the white bus was defective or dangerous in any manner." (Doc. 121-1, at 4.) Plaintiff objects that the request is "compound, vague, ambiguous and calls for a legal conclusion" as well as an expert opinion "regarding the defective nature of the bus." (*Id*., at 4-5.) Request No. 13 states that Plaintiff "did not see the application of any slick or slippery substance to the interior or exterior of either of the buses [he] picked up" on the day in question. (*Id*., at 5.) Plaintiff objects that the request is "compound, vague, ambiguous, and confusing as stated." Request No. 14 states that Plaintiff is not aware "of any person who witnessed the application of slick or slippery substance to the interior or exterior of

11

either of the buses" on the day in question.  (*Id.*, at 5.)

Defendant argues that Plaintiff does not meet his burden to adequately support these objections.  Plaintiff responds that Request No. 12 "states several points and adds in certain several contingencies" in addition to being poorly worded and seeking opinion testimony.  (Doc. 128, at 6.)  As for Request No. 13, Plaintiff contends that the request "does not give a time frame for when someone would have applied any substance" to either vehicle.  (*Id.*)  Plaintiff further argues that the interior and exterior of the bus should be treated as separate contentions.  (*Id.*)  He argues that Request No. 14 is even more compound because it refers to the interior and exterior of two separate buses.

The Court is not persuaded by Plaintiff's objections or the reasoning provided in his brief.  Regardless of whether an expert could be implicated by Request No. 12, the Federal Rules allow for a Request for Admission to relate to "facts, the application of law to fact, or opinions about either."  Fed.R.Civ.P. 36(a)(1).  As for Requests Nos. 13 and 14, the "slippery substance" is the "concise single point" addressed in these requests, regardless of how many buses or components thereof were potentially covered with it.  The Court therefore **GRANTS** Defendant's motion in regard to Requests Nos. 12, 13, and 14.  Plaintiff is directed Plaintiff to serve an amended answer to these requests on or before

**February 28, 2013**.

    **F.**    **Request No. 15**.

This request asks Plaintiff to admit or deny that after he fell on the day in question, he "did not warn anyone else about the existence of a slick or slippery substance on the driver's side door step of the white bus." (Doc. 121-1, at 5.) Plaintiff objects that Defendant has not defined the term "warn." The Court finds that the word "warn" has a common meaning that, particularly used in the context of this litigation and this discovery request, is apparent on its face. Although Plaintiff goes on to deny the request "as stated," the clarification provided by Plaintiff sufficiently satisfies the Court that the request should be deemed to be **admitted**. Defendant's motion is, therefore, **GRANTED** in regard to Request No. 15.

    **G.**    **Requests Nos. 18 and 19**.

These requests ask Plaintiff to admit or deny whether he "preserved" the trailer and semi truck he owned and was using on the date in question. Plaintiff objects that the word "preserve" is not explained or defined. Plaintiff then admits that the trailer was returned and the truck was sold after his injury because he could not afford to keep them. (Doc. 121-1, at 6.) In response to Defendant's motion, Plaintiff chose to "stand on his objections . . . ." (Doc. 128, at 7.) Because the

term "preserve" can have a specific meaning in the evidentiary context, the Court finds that Plaintiff's objections are valid. Further, the clarification provided by Plaintiff provides Defendant with sufficient information regarding what Plaintiff did with the trailer and truck after the accident at issue. Defendant's motion is **DENIED** in regard to Requests Nos. 18 and 19.

      **H.**    **Request No. 21**.

This request asks Plaintiff to admit or deny that on the day in question, he "had excellent skills and extensive experience at loading and unloading cargo from [his] trailer when necessary." (Doc. 121-1, at 6.) Plaintiff objects that the terms "excellent" and "extensive" are undefined and that "cargo" could have multiple meanings. (*Id*.) Plaintiff then admits that "he was an experienced truck driver who spent the majority of his career hauling oversized cargo which was loaded by someone else onto his trailer." (*Id*., at 6-7.) Defendant argues that Plaintiff's response is improper because he "does not fully admit the request, but does not deny the request either." (Doc. 121, at 12.) The Court finds that the manner in which Plaintiff qualified his answer is both appropriate pursuant to Fed.R.Civ.P. 36(a)(4) and necessary given Defendant's of the highly subjective terms "excellent" and "extensive." Defendant's motion is **DENIED** in regard to Request No. 21.

**I.      Request No. 22**.

Request No. 22 states that Plaintiff "did not request or rely on any instructions or directions for loading the white and yellow buses to [his] trailer" on the day in question. (Doc. 121-1, at 7.) Plaintiff objects that the request is compound. The Court agrees. The concepts of request instruction and relying on instruction are significantly distinct. Defendant contends that Plaintiff's response is "internally inconsistent" as it denies the request but then states additional facts which confirms the request. Plaintiff has merely clarified his response in a good faith effort to respond to an otherwise objectionable request. Defendant's motion is **DENIED** in regard to Request No. 22.

**J.      Requests Nos. 24 and 25**.

These requests relate to whether or not Plaintiff's tractor and front half of his trailer were parked on a public street at the time he fell on the day in question. (*Id.*) Plaintiff responded that he was without sufficient information to admit or deny the request and, thus, denied it. (*Id.*) Defendant argues that Plaintiff failed to make a reasonable inquiry to determine his ability to admit or deny the request. (Doc. 121, at 9, 14.) Plaintiff's response to Defendant's motion contains sufficient explanation of the inquiry made in regard to the request. (*See* Doc. 128, at 9.) Plaintiff is therefore instructed to amend his responses to Requests Nos. 24 and 25

to include the language he proposes on or before **February 28, 2013**, in conjunction with the other responses the Court has ordered herein.

### K.     Request No. 26.

Request No. 26 asks Plaintiff to admit or deny whether he "drove the white bus from the parking lot of Collins Bus Corporation" on the day in question "and parked it on the front half of my trailer." (Doc. 121-1, at 7.) Plaintiff has agreed to revise his response to "admit that he drove white bus from the Collins parking lot and pulled it toward the front part of his trailer." (Doc. 128, at 9.) Plaintiff explains that he is unable to state whether the bus "was totally on the front half of the trailer because he had to move the white bus up further onto the trailer a second time so that the yellow bus was not sticking off the back of his trailer." The Court finds that this qualified response by Plaintiff is reasonable and appropriate pursuant to Fed.R.Civ.P. 36(a)(4). Plaintiff is therefore instructed to amend his response to Request No. 26 to include the language he proposes on or before **February 28, 2013**, in conjunction with the other responses the Court has ordered herein.

### L.     Request No. 30.

This request states that prior to the day in question, Plaintiff "did not know of any person with direct knowledge of the condition of the white bus." (Doc. 121-1, at 8.) Plaintiff objects that the request is vague and confusing, but refers

Defendant to documents it previously produced that discuss the "defective condition" the bus was in up to the time of Plaintiff's accident. Defendant argues that "Plaintiff fails to respond to the request and simply states a new statement of fact." (Doc. 121, at 15.) While the Court agrees with Defendant's characterization of Plaintiff's response as improper, the Court also agrees with Plaintiff that the request, as worded, is vague and confusing. As such, Plaintiff's additional, qualified response was unnecessary. Defendant's motion is, therefore, **DENIED** in regard to Request No. 30.

### M.   Request No. 32.

Request No. 32 asks Plaintiff to admit or deny that "[a]mbulance services as well as EMT's arrived at [his] location at 6:15 p.m. local time" on the day in question. (Doc. 121-1, at 9.) Plaintiff admits "only that an ambulance service arrived after he fell and was injured at defendant's facility." (*Id.*) Defendant argues that this is improper because Plaintiff does not deny any portion of the request but admits only a portion of it. (Doc. 121.) Plaintiff responds that he responded in this way because he "is unsure of what time the ambulance and EMS arrived at the scene." (Doc. 128, at 10.) With this qualification, the Court finds Plaintiff's response to be appropriate. Defendant's motion is **DENIED** in regard to Request for Admission No. 32.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery Responses (Doc. 104) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's motion (Doc. 121) is therefore **GRANTED in part** and **DENIED in part** as more fully set forth herein. Plaintiff shall provide the requisite discovery responses on or before **February 28, 2013**.

IT IS FURTHER ORDERED that Plaintiff/Intervenor's Motion to Clarify the Court's October 22, 2012 Order Compelling Former Plaintiff Lemaster to Provide Supplemental Discovery Responses (Doc. 156) is **GRANTED**. Plaintiff shall provide the discovery responses as directed in the Court's prior Order (Doc. 149) on or before **February 28, 2013**.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2013.

 S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge